# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **LASHONDA CORLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:17-cv-01211** |
| | ) | |
| **DENTAL BLISS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 62) recommending that the Court grant Defendants' Motion for Summary Judgment (Doc. No. 49). The Plaintiff, proceeding *pro se*, has timely filed objections to the R&R (Doc. Nos. 63, 64), to which Defendants[1] have responded (Doc. No. 65). For the reasons stated below, the Court will adopt the R&R and grant Defendants' motion for summary judgment.

The Court will not repeat the entire factual background and procedural history of this case because it is aptly set forth in the R&R. (Doc. No. 62 at 2-7.) In short, Plaintiff sued Defendants for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act, alleging that she was denied pertinent dental training opportunities and work assignments because of her race and age, and that she was eventually fired for complaining about this discrimination. (Doc. No. 24.) Defendants responded by filing a motion for summary judgment, arguing that Plaintiff was terminated because of her poor job performance, not because of her race or age. (Doc. Nos. 49, 50.) After considering Defendants' motion, the Magistrate Judge determined that Plaintiff failed to make a prima facie showing of discrimination

---

[1] Dental Bliss and 1Mosaic are the only remaining defendants in this case. (<u>See</u> Doc. No. 48.)

or retaliation and recommended that Plaintiff's entire case be dismissed by summary judgment. (See Doc. No. 62 at 13 ("the record does not support [Plaintiff's] claims that she suffered illegal discrimination because of her race and age").)

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition [on a dispositive motion] that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." See also 28 U.S.C. § 636(b)(1)(C). Only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are considered "proper" for the district court's consideration. Fed. R. Civ. P. 72(b)(2). Moreover, the Court's Local Rules require that proper objections "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made, and must be accompanied by sufficient documentation . . . to apprise the District Judge of the bases for the objections." L.R.72.02(a). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)).

Although it is difficult to discern the exact nature of Plaintiff's objections, which consist of two filings (Doc. Nos. 63, 64), 17 pages of argument, and multiple sections with no headings, they appear to be based on a misunderstanding of the relevant burdens involved in this case. As the R&R correctly notes, "a plaintiff relying on circumstantial evidence must first make out a prima facie case of discrimination or retaliation." (Doc. No. 62 at 9 (citing Rogers v. Henry Ford Health Sys., 897 F.3d 763, 772 (6th Cir. 2018).) Only if Plaintiff meets *her* burden does "the

burden shift[] to the employer to proffer a legitimate, nondiscriminatory [or nonretaliatory] reason for its decision.'" (Id. at 9-10 (emphasis added) (citing Rogers at 772).) Because Plaintiff failed to first establish a prima facie case of discrimination and retaliation (see id. at 11-13), it is irrelevant that "Defendants have failed . . . to meet the burden that [they] did not discriminate against the Plaintiff," (see Doc. No. 64 at 3), or that "Defendants have presented nothing more than hearsay through declarations" to show nondiscriminatory reasons for Plaintiff's termination (see id. at 2).

In any event, Plaintiff's objections are improper to the extent they reflect her general "disagree[ment] with the R&R pursuant to *all* of the information used to recommend granting the motion for summary judgment." (See Doc. No. 63 at 1 (emphasis added).) "[A]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." J.A. v. Smith Cty. School Dist., 364 F. Supp. 3d 803, 812 (M.D. Tenn. Mar. 6, 2019) (quoting VanDiver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich 2004)). Moreover, Plaintiff's general objections neither state with particularity the specific portions of the R&R she is objecting to, nor are they accompanied by any documentation to apprise the Court of the bases for her objections. See L.R.72.02(a). For example, Plaintiff twice notes that she has evidence "via email" that Defendants made hiring decisions based on age, but she does not attach any emails to her objections. (See Doc. No. 63 at 9; Doc. No. 64 at 3.) Although the Court acknowledges that Plaintiff is proceeding *pro se*, that does not excuse her from complying with the Federal Rules of Civil Procedure or the Court's Local Rules. See McNeil v. United States, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Nor does Plaintiff's *pro se* status obligate the Court to consider non-specific objections buried

within Plaintiff's filings. See U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Accordingly, Plaintiff's objections are overruled.

Having conducted a de novo review of the R&R, the Court agrees with the Magistrate Judge's recommended disposition. Accordingly, the Magistrate Judge's R&R (Doc. No. 62) is **APPROVED AND ADOPTED**, and Defendants' Motion for Summary Judgment (Doc. No. 49) is **GRANTED**.

This is a final order. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE